IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| IRENE MARIA ZIMBOBWAY SCHWARTZE BRAMBLETT,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>THE CITY OF COLUMBIA, MISSOURI,  )<br>MICHAEL MATTHES, AND KENNETH  )<br>BURTON,  )<br>)<br>Defendants.  ) | No. 2:14-CV-04078-NKL |

**ORDER**

Defendants the City of Columbia, Missouri ("the City") and Michael Matthes move for partial judgment on the pleadings. [Doc. # 4]. For the reasons set forth below, Defendants' motion is GRANTED.

**I.     Background**

This case arises from Plaintiff Irene Maria Zimbobway Schwartze Bramblett ("Schwartze")'s termination from the City's Police Department. Schwartze alleges that Matthes, in his capacity as City Manager, advised the City to eliminate Schwartze's positions from the FY 2012 budget, resulting in her termination. Schwartze further alleges that she was terminated in retaliation for making comments critical of the Police Department during an independent review of the Department's administration and that

1

her termination breached an employment agreement executed between her and the City on October 5, 2009.

Schwartze subsequently initiated the present case, asserting claims for: breach of contract against the City; breach of the covenant of good faith and fair dealing against the City; violations of due process, based on liberty and property interests, respectively, against all Defendants; tortious interference with contract against Matthes; negligent and fraudulent misrepresentation against the City; and prima facie tort against all Defendants.

## II. Discussion

### A. Rule 12(c) Standard

Pursuant to Federal Rule of Civil Procedure 12(c), the City moves for judgment on the pleadings as to Schwartze's claims for negligent and fraudulent misrepresentation and prima facie tort. Matthes moves for judgment on the pleadings as to Schwartze's claim for tortious interference with contract. A motion for judgment on the pleadings is generally governed by the same standards that control a motion to dismiss for failure to state a claim under Rule 12(b)(6). *E.g.*, *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). Accordingly, the Court must accept as true all of Schwartze's factual allegations and draw all reasonable inferences in her favor. *See Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012).

### B. Sovereign Immunity

The City argues that Schwartze's claims against it for negligent misrepresentation, fraudulent misrepresentation, and prima facie tort are barred by the doctrine of sovereign immunity. As a municipality, the City is generally immune from tot liability, subject to

2

certain, limited exceptions. *See State ex rel. Bd. of Trs. of City of N. Kan. City Mem'l Hosp. v. Russell*, 843 S.W.2d 353, 358 (Mo. 1992); *Bennartz v. City of Columbia*, 300 S.W.3d 251, 259 (Mo. Ct. App. 2009). Schwartze does not contend that any of these exceptions apply in this case.

Instead, Schwartze maintains that sovereign immunity does not apply because her claims arise in connection with a written contract. For support, Schwartze relies primarily on *St. Louis Air Cargo Services, Inc. v. City of St. Louis*, 929 S.W.2d 821 (1996). This case involved a claim for breach of warranty based on positive misrepresentations made before and after the execution of a contract, which materially affected the value of the contract in dispute. *Id.* at 826. In rejecting the defendant's contention that sovereign immunity barred this claim, the court reasoned that "where a contract exists between the parties, fundamental fairness has motivated courts to subscribe to the theory of a cause of action ex contractu in the nature of a breach of warranty as opposed to a cause of action ex delicto (fraudulent misrepresentation)." *Id.* at 827. Accordingly, the court held that sovereign immunity did not bar the plaintiff's "cause of action arising out of a contract in the nature of a breach of warranty." *Id.* This decision is consistent with the Missouri Court of Appeals' prior holding that sovereign immunity did not bar a claim premised on misrepresentation where a "contractor had already entered into an enforceable contract with [a public entity] and was merely trying to recover for the additional expenses it incurred because its bid was premised upon an incorrect material fact." *Halamicek Bros., Inc. v. St. Louis Cnty.*, 883 S.W.2d 108, 110

3

(Mo. Ct. App. 1994) (citing *Ideker, Inc. v. Mo. State Highway Comm'n*, 654 S.W.2d 617, 621 (Mo. Ct. App. 1983)).

In this case, Schwartze has separately asserted claims for breach of contract and breach of the covenant of good faith and fair dealing and her claims for misrepresentation and prima facie tort are plainly asserted as causes of action ex delicto. *See, e.g.*, [Doc. # 1-1 at 21] ("The City had a duty to exercise reasonable care in making the Representations."). That these causes of action sound in tort is further evidenced by the fact that Schwartze seeks punitive damages in connection with each of these claims. *See Peterson v. Cont'l Boiler Works, Inc.*, 783 S.W.2d 896, 902 (Mo. 1990) ("The general rule is that punitive damages may not be recovered in breach of contract actions.").

Furthermore, Schwartze's claims for misrepresentation assert only that the City misrepresented what Schwartze elsewhere alleges to be the substance of the employment contract. *See* [Doc. # 1-1 at 12-14, 21-23]. Although the particular basis for Schwartze's prima facie tort claim is not entirely clear, to the extent that it is based on alleged violations of her contractual rights, it similarly overlaps with her contract-based claims. To the extent that it is based on entirely unrelated conduct, it cannot be construed as asserting a contract-based theory of liability. Unlike *St. Louis Air Cargo* and *Ideker, Inc.*, this is not a case where a misrepresentation is alleged to have materially altered the cost of performance or the reasonably expected value of a contract. *See St. Louis Air Cargo Services, Inc.*, 929 S.W.2d at 824; *Ideker, Inc.*, 654 S.W.2d at 620. Rather, Schwartze's tort claims are asserted as alternative theories of liability for the same allegedly wrongful conduct, such that they are ultimately redundant if in fact an enforceable agreement

4

exists. Of course, if it is ultimately revealed that there is no contract, then Schwartze's claims would sound solely in tort and, accordingly, would be barred by sovereign immunity. In short, because Schwartze's contract- and tort-based claims seek to rectify the same alleged wrongs, the interests of fairness that motivated the decisions in *St. Louis Air Cargo* and *Ideker, Inc.* are not present in this case.

The Missouri Supreme Court's decision in *Kunzie v. City of Olivette*, 184 S.W.3d 570 (Mo. 2006), further supports the conclusion that sovereign immunity applies to Schwartze's tort claims arising in connection with the breach of an employment contract. The plaintiff in *Kunzie* asserted claims for wrongful termination and breach of contract. *Id.* at 573-74. In addressing the wrongful termination claim, the Court reasoned that "[a]lthough wrongful discharge in this context might be based on a contractual relationship, [the plaintiff] has chosen to proceed in tort," and, consequently, treated this claim "only as a tort claim" *Id.* at 573. The Court then reaffirmed its prior holding "that termination of a city employee is a governmental function," such that a "city is protected by governmental immunity unless some exception applies." *Id.* at 574. Consequently, the Court held that sovereign immunity would bar the wrongful termination claim, unless the plaintiff was able to prove that immunity had been waived by the city's purchase of liability insurance.

In this case, Plaintiff's claims for misrepresentation and prima facie tort are clearly asserted as independent tort claims. While they could conceivably be construed as causes of action in the nature of breach of contract or warranty, such a construction would render them redundant with Plaintiff's separately asserted contractual claims. Accordingly,

5

Plaintiff's claims for misrepresentation and prima facie tort can only be viewed as sounding in tort, such that sovereign immunity applies. As Plaintiff does not contend that any exception to this immunity applies, Plaintiff cannot maintain these tort claims against the City.

### C. Tortious Interference with Contract

Matthes argues that Schwartze cannot maintain her claim for tortious interference with contract against him because he is alleged to have been acting as an agent of the City, and therefore was not a third-party to the contract as required to state such a claim. Under Missouri law, "[a]n action for tortious interference with a business expectancy will lie against a third party only." *Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579, 602 (Mo. 2013) (quotation omitted). "Where the individual being sued is an officer or agent of the defendant corporation, the officer or agent acting for the corporation is the corporation for purposes of tortious interference." *Id.* (quotation omitted). Thus, a supervisor who causes or contributes to the termination of an employee is acting as an agent of the employer and cannot be liable for tortious interference. *Id.* at 602-603; *see also Fields v. R.S.C.D.B., Inc.*, 865 S.W.2d 877, 879 (Mo. Ct. App. 1993).

Schwartze makes no attempt to distinguish *Farrow*, and instead relies on a number of decisions of the Missouri Court of Appeals holding that a corporate officer has no privilege to induce a breach of contract if the officer acts in bad faith, through improper means, and not for a corporate purpose. *E.g.*, *Preferred Physicians Mut. Mgmt. Grp. v. Preferred Physicians Mut. Risk Retention*, 918 S.W.2d 805, 813 (Mo. Ct. App. 1996). Schwartze maintains that her allegations that Matthes acted in bad faith and not for the

6

benefit of the City remove Matthes' privilege as a corporate officer to induce the City to breach the employment contract. Specifically, Schwartze alleges that she was terminated in retaliation for making critical comments during an independent review of administration of the Police Department. Schwartze further alleges that Matthes misrepresented the basis for terminating Schwartze and that his conduct was motivated solely by his ill will and malice toward Schwartze.

As in *Farrow*, however the dispositive issue in this case is not Matthes' privilege to induce a breach of contract—the issue addressed in the decisions cited by Schwartze—but rather whether Matthes is a third party to the employment contract. The supervisor in *Farrow* was similarly alleged to have improperly retaliated against the plaintiff for rebuffing the supervisor's sexual advances. *Farrow*, 407 S.W.3d at 585-86. In particular, the plaintiff alleged that the supervisor intimidated and harassed her, made defamatory comments about the quality of her work, and told her he was "going to get her out." *Id.* at 585-86. Nonetheless, the *Farrow* Court held that the plaintiff could not maintain her action for tortious interference against the supervisor "because while acting as Farrow's supervisor, he was Hospital's agent, not a third party." *Id.* at 602-03.

Likewise, in the present case, Matthes is alleged to have been acting in his capacity as City Manager at all times relevant to Schwartze's claims. As an officer of the municipality, Matthes was acting as an agent of the City and, consequently, is the City for the purposes of Schwartze's tortious interference claim. *See id.*; *see also Zipper v. Health Midwest*, 978 S.W.2d 398, 419 (Mo. Ct. App. 1998). As the recent and controlling decision in *Farrow* is, in all relevant respects, indistinguishable from the

7

present case, Schwartze cannot maintain her claim for tortious interference against Matthes.

## III. Conclusion

For the reasons set forth above, Defendants the City of Columbia, Missouri and Michael Matthes' motion for partial judgment on the pleadings, [Doc. # 4], is GRANTED. Schwartze's claims against the City for negligent misrepresentation, fraudulent misrepresentation, and prima facie tort, as well as Schwartze's claim against Matthes for tortious interference with contract, are hereby DISMISSED with prejudice.


/s Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: June 9, 2014
Jefferson City, Missouri