IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| IRENE MARIA ZIMBOBWE SCHWARTZE BRAMBLETT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:14-cv-04078-NKL |
| CITY OF COLUMBIA, MISSOURI, et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Defendants' motion for partial judgment on the pleadings and Defendant Cavanaugh Noce's motion to dismiss, Doc. [45], is granted in part and denied in part. Defendant Noce's motion to dismiss Counts III and IV of Plaintiff's First Amended Complaint against him is granted.[1] Defendants' motion to dismiss Counts I through III against all other Defendants is denied.

**I.    Pleading Standard**

Defendants bring their motion under Federal Rule of Civil Procedure 12(b)(6) and 12(c). The Rules require that a plaintiff plead sufficient facts to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In determining

---

[1] Given the dismissal of all claims against Noce, Noce's motion to strike is denied as moot.

whether the complaint alleges sufficient facts to state a plausible claim to relief, all factual allegations made by the plaintiff are accepted as true. *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007) (noting that legal allegations are not accepted as true). If the facts in the complaint are sufficient for the court to draw a reasonable inference that the defendant is liable for the alleged misconduct, the claim has facial plausibility and will not be dismissed. *Iqbal*, 556 U.S. at 678.

## II.     Background

Plaintiff Irene Maria Zimbabwe Schwartze Bramblett ("Schwartze") first became an officer of the Columbia Police Department ("the Police Department") in 1993. In 2003, she was promoted to Police Captain. According to the Revised Ordinances of the City of Columbia ("the Ordinances"), the Police Captain position is a "classified position." City of Columbia ("City") employees serving in classified positions may not be terminated or discharged without just cause. [2] In 2009, Schwartze was assigned the additional title and responsibilities of Emergency Communications and Management Administrator ("ECMA"). To document the changes in Schwartze's job and responsibilities, the City and Schwartze entered into an agreement ("the October 5, 2009 Agreement"), which included the terms and conditions of Schwartze's appointment as EMCA. [Doc. 28-1]. The October 5, 2009 Agreement was signed by Schwartze and Bill Watkins, the acting City Manager at the time the agreement was made.

---

[22] While Defendants argue that a reduction in force does not require a showing of just cause, the parties dispute whether this employment action involved a reduction in force or a termination. For purposes of a motion to dismiss or judgment on the pleadings, Schwartze's allegations of fact are deemed true and therefore the Court must, at this stage, accept as true her allegation that she was terminated rather than being laid off.

2

In late 2011 and early 2012, a purportedly anonymous review of the Police Department was conducted. During the review, Schwartze criticized Chief of Police Kenneth Burton. Soon thereafter, acting City Manager Michael Matthes called Schwartze into his office and informed her that she had less than one hour to decide whether to resign or be fired. Schwartze refused to resign and was subsequently fired from her position with the Police Department. On May 9, 2012, Matthes presented Schwartze with a Termination Letter. [Doc. 28-2]. The letter stated that Schwartze was being terminated because the positions of EMCA and Police Captain were being eliminated due to budget amendments. *Id.* Approximately one week later, Schwartze initiated grievance procedures under Chapter 19 of the Ordinances. Matthes subsequently denied her grievance and Schwartze sought to appeal the decision to the Personnl Advisory Board ("the Board"). In a letter dated June 15, 2012, Deputy City Counselor Cavanaugh Noce notified Schwartze that she was not entitled to a hearing before the Board because she was terminated due to a combination of curtailment of work and a reduction in force. [Doc. 28-3].

Schwartze's complaint alleges claims against the City, Matthes, Burton, and Noce. Schwartze claims that she was improperly fired from the Columbia Police Department due to a critical review of Burton. She brings five counts: (I) Breach of Contract (as to the City); (II) Breach of the Covenant of Good Faith and Fair Dealing (as to the City); (III) Violation of Due Process – Property Interest (as to all Defendants); (IV) Violation of Due Process – Liberty Interest (as to all Defendants); and (V) Prima Facie Tort (as to

3

Matthes and Burton). Defendants now seek to have Counts I through III and part of Count IV dismissed.

### III. Discussion

The purpose of this Order is to determine whether certain allegations made by Schwartze in her First Amended Complaint are sufficient to state claims recognized by law. At this stage of the litigation, the Court makes no findings of fact but instead relies solely on the allegations made by Schwartze in her First Amended Complaint.

### A. Counts I and II: Contract Claims (as to Defendant City of Columbia)

In Counts I and II, Schwartze asserts claims against the City for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing. The City contends that the October 5, 2009 Agreement did not constitute a valid employment contract, because it failed to satisfy the following requirements of the Columbia City Charter:

> [1] . . . [T]he director of finance shall . . . certify in writing [on every contract] that such contract . . . is within the purpose of the appropriation to which it is to be charged and that there is an unencumbered balance to the credit of such appropriation sufficient to pay therefor. [Section 42 of Columbia City Charter, Doc. 45-3].
>
> [2] The city counselor . . . shall approve, as to form, all contracts, deeds, bonds, and other documents to be signed in the name of or made to or with the city. [Article VII, Section 65 of Columbia City Charter, Doc. 45-4].

The City contends that neither the director of finance nor the city counselor approved the October 5, 2009 Agreement as to form, and as such, no valid contract existed. But the doctrine of substantial performance provides that contracts may be valid upon a showing of "substantial and sufficient compliance with …. statutory requirements." *Veling v. City*

4

*of Kansas City*, 901 S.W.2d 119, 122 (W.D. Mo. 1995) (citation omitted). Because the terms of the contract are definite and because Defendants have not explained how a review by the Director of Finance or the City Attorney would have altered the terms of the contract, the Court finds that the October 5, 2009 Agreement substantially complied with City ordinances. More importantly, Schwartze now seeks to amend her Complaint to allege that the Director of Finance and the City Attorney reviewed the contract as required by City ordinances, information obtained through discovery. While the City argues that Schwartze should not be permitted to amend her Complaint at this late date, it does not indicate how it would be prejudiced. Given the relatively minor nature of Schwartze's proposed amendment, and the very technical argument raised by the City, she may amend her Complaint to show the City ordinances were satisfied. Any such amendment must be filed within seven days of this order.

**B. Count III: Violation of Due Process – Property Interest (as to all Defendants)**

Defendants contend that Schwartze's Count III, Violation of Due Process – Property Interest, should be dismissed because Schwartze's alleged contract did not confer on Schwartze a property interest in her continued employment. They argue alternatively that if a property interest existed, Schwartze may vindicate her rights through a breach of contract claim, and is therefore foreclosed from bringing claims under Section 1983.

In order to bring a Section 1983 claim for violation of a due process property interest, a plaintiff must first establish the existence of a property right. *Hopkins v. Saunders*, 199 F.3d 968 (8th Cir. 1999). "The existence of a property interest must be

5

determined with reference to state law. Typically, this interest arises from contractual or statutory limitations on the employer's ability to terminate an employee. A property interest in employment can also be created by implied contract, arising out of customs, practices, and de facto policies." *Winegar v. Des Moines Independent Community School District*, 20 F.3d 895, 899 (8th Cir. 1994) (citations omitted).

As discussed above, Schwartze has alleged sufficient facts to show a valid employment contract with the City. Schwartze also alleges that as Police Captain, she held a "classified position" under the Ordinances and could only be terminated for cause. She further argues that the City's customs and practices provided that she could only be terminated for cause. These contractual and customary limitations on the City's ability to terminate Schwartze are sufficient at this stage of litigation to allege a property interest in her employment. *Id.*

Defendants also argue that Schwartze had no property interest in her employment because the City Manager could terminate any employee for a "curtailment of work". However, employees laid off due to "lack of funds" are to be given first consideration in the case that the same or similar position opens up. Moreover, Schwartze pleaded that she was terminated for criticizing the police chief during an internal review. At this stage of the litigation, the Court must accept that allegation as true and therefore, Defendants' argument fails. *See Lalvani v. Cook County, Ill.*, 269 F.3d 785, 793 (7th Cir. 2001) ("[A] government employer cannot avoid its procedural obligations if it is picking specific individuals for lay-off or termination, nor can it use a [reduction in force] to conceal a

6

for-cause dismissal and thereby deprive a career employee of the procedural protections to which he would otherwise be entitled.").

Finally, Defendants have failed to show the Court a case which states that if you have an employment contract, you must rely on contract law to enforce your rights and cannot pursue a 1983 action. Schwartze may or may not have a contractual right to a pre-termination hearing by the terms of her contract, but if she has a contract and therefore a property right in her employment, she has a constitutional right to a pre-termination hearing before being fired by a government entity. "The Supreme Court has held repeatedly that the property interest in a person's means of livelihood is one of the most significant that an individual can possess. Accordingly, because public employment contracts may involve a person's livelihood, due process usually requires that a public employee be provided with some kind of a predeprivation procedure before that employee may be fired. Moreover, an action under section 1983 clearly lies if that predeprivation procedure is not provided." *Ramsey v. Board of Educ. Of Whitley County, Ky*, 844 F.2d 1268, 1273 (6th Cir. 1988) (citations omitted).

### C. Failure to Exhaust Administrative Remedies

Defendants contend that even if a contract existed between Schwartze and the City that conferred a property interest sufficient to support a valid due process claim, Counts I through III should be dismissed because Schwartze failed to exhaust her administrative remedies. However, it is Schwartze's failure to get any pre-termination process that is the basis of her complaint and therefore exhaustion of post-termination administrative remedies is not required. *See, Keating v. Nebraska Public Power Dist.,* 562 F. 3d 923,

929 (8th Cir. 2009). Further, it appears that any failure to exhaust administrative remedies is not an impediment here, because any such review would have been futile. The City very clearly indicated no review would be provided.

Finally, the Court does not find that *Krentz v. Robertson Fire Protection Dist.*, 228 F.3d 897 (8th Cir. 2000) persuasive. In *Krentz*, the plaintiff was provided notice of a "special meeting at which [the plaintiff] would be offered an opportunity to respond to the board's decision." *Id.* at 903. In contrast, Defendants refused to provide Schwartze with a hearing, either before or after her termination, because they believed she was not entitled to a hearing after being laid off due to budget cuts. [Doc. 59, p. 13-14]. Therefore, *Krentz* does not persuade the Court to dismiss Schwartze's procedural due process claims.

**D. Counts III and IV: Dismissal as to Defendant Noce**

Defendant Noce contends that Schwartze's property and liberty due process claims against him should be dismissed because Noce is entitled to qualified immunity.

First, it is not clear that Schwartze has even alleged a 1983 violation against Noce. Though Schwartze may arguably have been entitled to a hearing, Noce's actions in notifying Schwartze that she was being denied a hearing did not cause Schwartze's harm. Any harm resulted from her termination and Schwartze does not contend that Noce was the individual who actually decided to terminate her without a hearing. Nor has she alleged that he was the "cat's paw" in the termination process. But even if these facts showed how Noce violated Schwartze's federal rights, he would be entitled to qualified immunity. There is no clearly established law that a municipal attorney could be liable

8

929 (8th Cir. 2009). Further, it appears that any failure to exhaust administrative remedies is not an impediment here, because any such review would have been futile. The City very clearly indicated no review would be provided.

Finally, the Court does not find that *Krentz v. Robertson Fire Protection Dist.*, 228 F.3d 897 (8th Cir. 2000) persuasive. In *Krentz*, the plaintiff was provided notice of a "special meeting at which [the plaintiff] would be offered an opportunity to respond to the board's decision." *Id.* at 903. In contrast, Defendants refused to provide Schwartze with a hearing, either before or after her termination, because they believed she was not entitled to a hearing after being laid off due to budget cuts. [Doc. 59, p. 13-14]. Therefore, *Krentz* does not persuade the Court to dismiss Schwartze's procedural due process claims.

**D. Counts III and IV: Dismissal as to Defendant Noce**

Defendant Noce contends that Schwartze's property and liberty due process claims against him should be dismissed because Noce is entitled to qualified immunity.

First, it is not clear that Schwartze has even alleged a 1983 violation against Noce. Though Schwartze may arguably have been entitled to a hearing, Noce's actions in notifying Schwartze that she was being denied a hearing did not cause Schwartze's harm. Any harm resulted from her termination and Schwartze does not contend that Noce was the individual who actually decided to terminate her without a hearing. Nor has she alleged that he was the "cat's paw" in the termination process. But even if these facts showed how Noce violated Schwartze's federal rights, he would be entitled to qualified immunity. There is no clearly established law that a municipal attorney could be liable

for violating Schwartze's federal rights by merely notifying an employee that they are being terminated without a hearing, even if it was the lawyer's opinion that no hearing was required. Counts III and IV are therefore dismissed as to Mr. Noce.

IV. **Conclusion**

For the reasons set forth above, Defendants' motion is granted in part and denied in part. Claims III and IV as to Defendant Noce are dismissed. Defendants' motion is denied with respect to the remainder of Claims I through III. Schwartze must file any Second Amended Complaint within seven days of the date of this Order.[3]

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: December 1, 2014
Jefferson City, Missouri

---

[3] Schwartze's changes to any Second Amended Complaint must be limited to the requested alternations set out at Doc. 59, p. 7-8.